935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard SHERMAN, Defendant-Appellant.
 No. 90-5806.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1991.
Decided June 14, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-89-318)
 Lawrence B. Rosenberg, Rosenberg & Brown, P.A., Baltimore, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, Susan M. Ringler, Assistant United States Attorney, Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Richard Sherman appeals the sentence he received after his guilty plea to one count of dealing in counterfeit obligations (18 U.S.C. Sec. 473), contending that the district court's upward departure was based on factors already taken into account by the guidelines, that the district court failed to give adequate reasons for departing, and that it should not have imposed a sentence at the high end of the resulting guideline range. We find that the departure was reasonable, and affirm.
 
 
 2
 Sherman was charged by federal authorities after he was arrested in 1988 on state drug and firearm offenses; a search of his car at the time of his arrest revealed counterfeit $20 bills which he had received in payment for drugs he sold. The presentence report gave Sherman six criminal history points, placing him in criminal history category III (4-6 points). However, the presentence report suggested that an upward departure might be justified on the ground that category III did not adequately reflect the seriousness of Sherman's past criminal conduct.
 
 
 3
 The district court agreed. In explaining its decision to depart upward to category IV, the district court observed that Sherman received no criminal history points for a five-year sentence on a 1975 drug conviction because all but three months of the sentence was suspended.[1] The district court also pointed out that, although a 1977 offense was committed while Sherman was on probation and Sherman was convicted of violating probation, he received no sentence for the probation violation and, therefore, received no additional criminal history points either. The judge noted that Sherman had been given concurrent sentences on his 1988 state charges and that, despite continued lenient treatment by the courts,[2] Sherman had persisted in criminal conduct.
 
 
 4
 Whether a departure is warranted is reviewed under the two-prong test set out in United States v. Summers, 893 F.2d 63 (4th Cir.1990):
 
 
 5
 The first prong of the test initially requires a determination that a particular aggravating or mitigating circumstance was "not adequately taken into consideration by the Sentencing Commission." If the court determines that a circumstance was "not adequately taken into consideration," it must next engage in a fact-finding mission to determine if the circumstance is supported by facts in the particular case under consideration. Then, if the district court identifies one or more aggravating or mitigating circumstances "not adequately taken into consideration," it may depart from the sentencing guidelines range only if it further determines that because of the circumstance a sentence different from the guidelines sentence "should result." This second prong of the departure test requires the district court to determine whether the circumstance now identified and found to exist in the particular case is of sufficient importance and magnitude to justify a departure.
 
 
 6
 893 F.2d at 66. The guidelines specifically authorize a departure if the criminal history category under-represents the defendant's past criminal conduct, U.S.S.G. Sec. 4A1.3, and under the circumstances here we cannot say that the district court abused its discretion in determining that a departure was appropriate.
 
 
 7
 Once a departure is determined to be warranted, this court must consider whether the extent of departure is reasonable. See 18 U.S.C.A. Sec. 3742(f)(2) (West Supp.1990). We find no abuse of discretion in the district court's decision to depart and sentence Sherman as if his criminal history category were IV--the equivalent of adding one point to Sherman's criminal history score.
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Under U.S.S.G. Sec. 4A1.2(b)(2), only the unsuspended three months is counted as a sentence of conviction; if the five-year sentence had not been suspended, the offense would have been included in the calculation of the criminal history category, U.S.S.G. Sec. 4A1.2(e)(1)
 
 
 [2]
 Sherman received a one-year suspended sentence for a 1969 drug conviction and a 1984 state handgun violation was nol prossed